1 | ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
2 | MICHAEL J. CARROLL (STATE BAR #50246)
220 Montgomery Street, Suite 303
3 | San Francisco, CA 94104
Telephone:    (415) 392-5431
4 | Facsimile:    (415) 392-1978

5 | Attorneys for Plaintiffs

6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11 | **BOARD OF TRUSTEES OF THE SAN MATEO**    ) **NO.**
12 | **HOTEL EMPLOYEES AND RESTAURANT**    )
**EMPLOYEES PENSION TRUST; SHERRI**    )
13 | **CHIESA, TRUSTEE,**    )    **COMPLAINT TO COLLECT**
    )    **TRUST FUNDS PURSUANT TO**
14 |    **Plaintiffs,**    )    **EMPLOYER'S WITHDRAWAL**
    )
15 |    **vs.**    )
    )
16 | **WESTLODGE HOSPITALITY INC., a**    )
**corporation, doing business as**    )
17 | **TRAVELODGE and as TRAVELODGE SAN**    )
**FRANCISCO AIRPORT NORTH,**    )
18 |    )
    **Defendants.**    )
19 | _____ )

20 | I. PARTIES

21 | 1.    Plaintiffs, BOARD OF TRUSTEES OF THE SAN MATEO HOTEL
22 | EMPLOYEES AND RESTAURANT EMPLOYEES PENSION TRUST, (hereinafter "TRUST
23 | FUND"), named in the caption, are trustees of  employee benefit plan
24 | within the meaning of §§3(1) and (3) and §502(d)(1) of ERISA, 29
25 | U.S.C. §1002(1) and (3) and §1132(d)(1), and a multiemployer plan
26 | within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C. §§1002(37)
27 | and §1145. Plaintiff SHERRI CHIESA is a Trustee.  Said TRUST FUND is
28 | authorized to maintain suit as an independent legal entity under

1   §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

2       2.   Plaintiffs are informed and believe and thereupon
3   allege that defendant, WESTLODGE HOSPITALITY, INC., a corporation
4   doing business as TRAVELODGE and as TRAVELODGE SAN FRANCISCO AIRPORT
5   NORTH, (hereinafter "WESTLODGE"), has been signatory to a collective
6   bargaining agreement.

7                   II. JURISDICTION AND VENUE

8       3.   This Court has jurisdiction over the subject matter of
9   this action under Section 4301(c) of the Employee Retirement Income
10  Security Act of 1974 ("ERISA"), 29 U.S.C. §1451(c) and under §301(a)
11  of the Taft-Hartley Act, 29 U.S.C. §185(a).

12      4.   Venue is proper in this District under Section 4301(d)
13  of ERISA, 29 U.S.C. §1451(d) because the Plaintiff Trust Fund is
14  administered in this District.

15                  III. STATEMENT OF THE CASE

16      5.   Defendant was a party to a collective bargaining
17  agreement with Hotel Employees & Restaurant Employees Local 340
18  (hereinafter "Local"),under which the Defendant Westlodge was required
19  to promptly and fully report for and pay monthly contributions to the
20  Trust Fund at specific rates for each hour of compensation (including
21  vacations, holidays, overtime and sick leave) the Defendant pays to
22  its employees who are members of the bargaining unit represented by
23  the Local.  Such bargaining unit members are any of the Defendant's
24  part-time or full-time employees who perform any work task covered by
25  the Defendant's collective bargaining agreements with the Local,
26  whether or not those employees ever actually join the Local.

27      6.   On or about September 18, 2006 Defendant Westlodge
28  ceased operations, sold the business location and terminated the

COMPLAINT TO COLLECT TRUST FUNDS PURSUANT TO EMPLOYER'S WITHDRAWAL

1  employees.   As  a  result  Defendant  Westlodge  ceased  to  have  an
2  obligation to contribute to the Plan.

3        7.    The Plan determined that the amount of the Defendant
4  Hotel Airport Shuttle withdrawal liability was $81,960.00.

5        8.    The Plan sent Defendant Hotel Airport Shuttle a
6  letter on January 12, 2007 notifying the Defendant of the amount of
7  withdrawal liability. The letter contained a description of how the
8  withdrawal liability was calculated and set forth an amortization
9  schedule showing the number and amount of each payment required to
10  liquidate the withdrawal liability under a monthly payment schedule.

11        9.    The Letter from the Plan to the Defendant Hotel
12  Airport Shuttle demanded payment according to the payment schedule
13  included with the Letter.  The payment schedule included in the Letter
14  required payment of $2,388.26 each month for thirty eight months.

15        10.   More than ninety (90) days have elapsed since
16  Defendant Hotel Airport Shuttle received the Letter from the Plan.
17  Since receiving the Letter from the Plan, the Defendant has not asked
18  to Plan to review any specific matter relating to the determination
19  of its liability and schedule of payments.

20        11.   Since receiving the Letter from the Plan, the
21  Defendant has not identified any inaccuracy in the determination of
22  the amount of the unfunded vested benefits allocable to the Defendant.

23        12.   Since receiving the Letter from the Plan, the
24  Defendant Westlodge has not furnished any additional information to
25  the Plan.

26        13.   Since receiving the Letter from the Plan, the
27  Defendant  Westlodge  has  not  initiated  arbitration  pursuant  to  29
28  U.S.C. §1401.

1      14.   Since receiving the Letter from the Plan, the

2  Defendant Westlodge has not made any payments to the Fund on its

3  withdrawal liability.

4                        IV. PRAYER FOR RELIEF

5      WHEREFORE, Plaintiffs prays to the Court for judgment

6  against all Defendant as follows:

7           A.    For withdrawal liability payments due to date in the

8                 amount of $81,960.00,

9           B.    For liquidated damages in the amount of $16,392.00

10          C.    For all accrued interest;

11          D.    For all attorney's fees and costs incurred by the Plan

12                in connection with Defendants' obligation; and

13          E.    For such other and further relief as the Court may

14                deem just and equitable.

15 DATED: June 26, 2007              ERSKINE & TULLEY
                                     A PROFESSIONAL CORPORATION
16

17
                                     By
18                                      Michael J. Carroll
                                        Attorneys for Plaintiffs
19

20

21

22

23

24

25

26

27

28

COMPLAINT TO COLLECT TRUST FUNDS PURSUANT TO EMPLOYER'S WITHDRAWAL
                                4