```
ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (STATE BAR #50246)
220 Montgomery Street, Suite 303
San Francisco, CA 94104
Telephone:   (415) 392-5431
Facsimile:   (415) 392-1978
```

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BOARD OF TRUSTEES OF THE SAN MATEO HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES PENSION TRUST; SHERRI CHIESA, TRUSTEE,**<br><br>        **Plaintiffs,**<br><br>        **vs.**<br>**WESTMONT HOSPITALITY GROUP, a corporation, WESTLODGE HOSPITALITY INC., a corporation; WW SAN FRANCISCO AIRPORT NORTH, INC., a corporation doing business as TRAVELODGE and as TRAVELODGE SAN FRANCISCO AIRPORT NORTH,**<br><br>        **Defendants.** | NO. C 07-3357 JL<br><br>**FIRST AMENED COMPLAINT TO COLLECT TRUST FUNDS PURSUANT TO EMPLOYER'S WITHDRAWAL** |

      Plaintiffs for a First Amended Complaint, allege as follows:

### I. PARTIES

      1.   Plaintiffs, BOARD OF TRUSTEES OF THE SAN MATEO HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES PENSION TRUST, (hereinafter "TRUST

FIRST AMENDED COMPLAINT TO COLLECT TRUST FUNDS PURSUANT TO EMPLOYER'S WITHDRAWAL

1

1. FUND"), named in the caption, are trustees of employee benefit plan within the meaning of §§3(1) and (3) and §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and a multiemployer plan within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and §1145. Plaintiff SHERRI CHIESA is a Trustee. Said TRUST FUND is authorized to maintain suit as an independent legal entity under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

2. Plaintiffs are informed and believe and thereupon allege that defendant, WW SAN FRANCISCO AIRPORT NORTH INC., a corporation doing business as TRAVELODGE and as TRAVELODGE SAN FRANCISCO AIRPORT NORTH, (hereinafter "WESTLODGE"), has been signatory to a collective bargaining agreement. Plaintiffs are informed and believe and therefore allege that WESTMONT HOSPITALITY GROUP, a corporation and WESTLODGE HOSPITALITY INC., a corporation, are part of a control group, and therefore also liable for the obligations set below.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under Section 4301(c) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1451(c) and under §301(a) of the Taft-Hartley Act, 29 U.S.C. §185(a).

4. Venue is proper in this District under Section 4301(d) of ERISA, 29 U.S.C. §1451(d) because the Plaintiff Trust Fund is administered in this District.

## III. STATEMENT OF THE CASE

5. Defendant WW SAN FRANCISCO AIRPORT NORTH INC., (hereinafter "WW") was a party to a collective bargaining agreement with Hotel Employees & Restaurant Employees Local 340 (hereinafter

FIRST AMENDED COMPLAINT TO COLLECT TRUST FUNDS PURSUANT TO EMPLOYER'S WITHDRAWAL
2

1  "Local"), under which the Defendant WW was required to promptly and
2  fully report for and pay monthly contributions to the Trust Fund at
3  specific rates for each hour of compensation (including vacations,
4  holidays, overtime and sick leave) the Defendant pays to its employees
5  who are members of the bargaining unit represented by the Local.  Such
6  bargaining unit members are any of the Defendant's WW part-time or
7  full-time employees who perform any work task covered by the
8  Defendant's collective bargaining agreements with the Local, whether
9  or not those employees ever actually join the Local.
10       6.   On or about September 18, 2006 Defendant WW ceased
11 operations, sold the business location and terminated the employees.
12 As a result Defendant WW ceased to have an obligation to contribute
13 to the Plan.
14       7.   The Plan determined that the amount of the Defendant
15 WW's withdrawal liability was $81,960.00.
16       8.   The Plan sent Defendant WW a letter on January 12,
17 2007 notifying the Defendant of the amount of withdrawal liability.
18 The letter contained a description of how the withdrawal liability was
19 calculated and set forth an amortization schedule showing the number
20 and amount of each payment required to liquidate the withdrawal
21 liability under a monthly payment schedule.  In May 2007 an additional
22 notice was sent to defendant in El Cajon, California.
23       9.   The Letter from the Plan to the Defendant WW demanded
24 payment according to the payment schedule included with the Letter.
25 The payment schedule included in the Letter required payment of
26 $2,388.26 each month for thirty eight months.
27       10.  More than ninety (90) days have elapsed since
28 Defendant WW received the Letter from the Plan.  Since receiving the

FIRST AMENDED COMPLAINT TO COLLECT TRUST FUNDS PURSUANT TO EMPLOYER'S WITHDRAWAL

Letter from the Plan, the Defendant WW has not asked to Plan to review any specific matter relating to the determination of its liability and schedule of payments.

11. Since receiving the Letter from the Plan, Defendant WW has not identified any inaccuracy in the determination of the amount of the unfunded vested benefits allocable to the Defendant.

12. Since receiving the Letter from the Plan, Defendant WW has not furnished any additional information to the Plan.

13. Since receiving the Letter from the Plan, Defendant WW has not initiated arbitration pursuant to 29 U.S.C. §1401.

14. Since receiving the Letter from the Plan, Defendant WW has not made any payments to the Fund on its withdrawal liability.

15. Plaintiffs are informed believe and therefore allege that defendants WESTMONT HOSPITALITY GROUP, a corporation, and WESTLODGE HOSPITALITY INC., a corporation are part of a control group with defendant WW, and therefore also liable for this withdrawal liability.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays to the Court for judgment against all Defendants as follows:

A. For withdrawal liability payments due to date in the amount of $81,960.00,

B. For liquidated damages in the amount of $16,392.00

C. For all accrued interest;

D. For all attorney's fees and costs incurred by the Plan in connection with Defendants' obligation; and

E. For such other and further relief as the Court may deem just and equitable.

FIRST AMENDED COMPLAINT TO COLLECT TRUST FUNDS PURSUANT TO EMPLOYER'S WITHDRAWAL

4

1  DATED: December 6, 2007            ERSKINE & TULLEY
                                      A PROFESSIONAL CORPORATION
2

3
                                      By:/s/Michael J. Carroll
4                                         Michael J. Carroll
                                          Attorneys for Plaintiffs
5

FIRST AMENDED COMPLAINT TO COLLECT TRUST FUNDS PURSUANT TO EMPLOYER'S WITHDRAWAL
5