1    HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
     ALLISON M. WOODALL - 178533
2    awoodall@hansonbridgett.com
     425 Market Street, 26th Floor
3    San Francisco, CA  94105
     Telephone:    (415) 777-3200
4    Facsimile:     (415) 541-9366

5    Attorneys for Defendants
     WESTMONT HOSPITALITY GROUP; WESTLODGE
6    HOSPITALITY INC., WW SAN FRANCISCO AIRPORT
     NORTH, INC.

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12   BOARD OF TRUSTEES OF THE SAN           No. C07 3357 JL
     MATEO HOTEL EMPLOYEES AND
13   RESTAURANT EMPLOYEES PENSION           DEFENDANTS' ANSWER TO FIRST
     TRUST; SHERRI CHIESA, TRUSTEE,         AMENDED COMPLAINT
14
                    Plaintiff,
15
              v.
16
     WESTMONT HOSPITALITY GROUP,
17   a corporation; WESTLODGE HOSPITALITY
     INC., a corporation; WW SAN FRANCISCO
18   AIRPORT NORTH, INC., a corporation doing
     business as TRAVELODGE and as
19   TRAVELODGE SAN FRANCISCO AIRPORT
     NORTH,
20
                    Defendants.
21

22

23         Defendants WESTMONT HOSPITALITY GROUP, WESTLODGE HOSPITALITY

24   INC., and WW SAN FRANCISCO AIRPORT NORTH, INC. hereby answer the First Amended

25   Complaint ("Complaint") as follows:

26         1.     Defendants are without sufficient knowledge or information to form a belief as to

27   the truth of the allegations contained in this paragraph and on that basis deny each and every

28   allegation contained therein.

                                   - 1 -

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT                            1429827.1

1    2.    Defendants admit that Defendant WW San Francisco Airport North Inc. had been

2    party to a collective bargaining agreement.  Except as expressly admitted herein, Defendants deny

3    each and every allegation of paragraph 2.

4    3.    Defendants allege that this paragraph states a legal conclusion to which no

5    response is required; but to the extent a response is appropriate, Defendants admit that this Court

6    has subject matter jurisdiction over cases brought under Section 4301(c) of the Employee

7    Retirement Income Security Act of 1974 ("ERISA) and Section 301(a) of the Taft Hartley Act.

8    Except as so admitted, Defendants are without sufficient knowledge or information to form a

9    belief as to the truth of the allegations contained in Paragraph 3 and, on that basis, Defendants

10    deny each and every allegation of Paragraph 3.

11    4.    Defendants allege that this paragraph states a legal conclusion to which no

12    response is required; but to the extent a response is appropriate, Defendants are without sufficient

13    knowledge or information to form a belief as to the truth of the allegations contained in Paragraph

14    4 and, on that basis, Defendants deny each and every allegation of Paragraph 4.

15    5.    Defendants admit that Defendant WW San Francisco Airport North was party to a

16    collective bargaining agreement with Hotel Employees & Restaurant Employees Union Local 340

17    and that the collective bargaining agreement contained a provision regarding a pension fund for

18    employees in the bargaining unit represented by the Union.  Except as expressly admitted herein,

19    Defendants deny each and every allegation of paragraph 5.

20    6.    Defendants admit the allegations of paragraph 6.

21    7.    Defendants are without sufficient knowledge or information to form a belief as to

22    the truth of the allegations contained in this paragraph and, on that basis, deny each and every

23    allegation contained therein.

24    8.    Defendants are without sufficient knowledge or information to form a belief as to

25    the truth of the allegations contained in this paragraph and, on that basis, deny each and every

26    allegation contained therein.

27    9.    Defendants are without sufficient knowledge or information to form a belief as to

28    the truth of the allegations contained in this paragraph and, on that basis, deny each and every

- 2 -

1   allegation contained therein.

2       10.     Defendants are without sufficient knowledge or information to form a belief as to

3   the truth of the allegations contained in this paragraph and, on that basis, deny each and every

4   allegation contained therein.

5       11.     Defendants are without sufficient knowledge or information to form a belief as to

6   the truth of the allegations contained in this paragraph and, on that basis, deny each and every

7   allegation contained therein.

8       12.     Defendants are without sufficient knowledge or information to form a belief as to

9   the truth of the allegations contained in this paragraph and, on that basis, deny each and every

10  allegation contained therein.

11      13.     Defendants are without sufficient knowledge or information to form a belief as to

12  the truth of the allegations contained in this paragraph and, on that basis, deny each and every

13  allegation contained therein.

14      14.     Defendants are without sufficient knowledge or information to form a belief as to

15  the truth of the allegations contained in this paragraph and, on that basis, deny each and every

16  allegation contained therein.

17      15.     Defendants deny the allegations of paragraph 15.

18                          **AFFIRMATIVE DEFENSES**

19                          **First Affirmative Defense**

20      The Complaint fails to state facts sufficient to constitute a cause of action against

21  Defendants and each of them.

22                          **Second Affirmative Defense**

23      The Complaint, and each and every claim therein, is barred (in whole or in part) because

24  Defendants either were not the employer nor a member of the employer's controlled group when

25  a withdrawal occurred.

26                          **Third Affirmative Defense**

27      The Complaint, and each and every claim therein, is barred (in whole or in part) because

28  Defendants are informed and believe and on that basis allege that the liability was calculated

- 3 -

1   erroneously – for which a reasonable opportunity for investigation or discovery is likely to

2   provide evidentiary support.

3                              **Fourth Affirmative Defense**

4        The Complaint, and each and every claim therein, is barred (in whole or in part) by the

5   doctrine of laches – for which a reasonable opportunity for investigation or discovery is likely to

6   provide evidentiary support.

7                               **Fifth Affirmative Defense**

8        As Defendants lack sufficient knowledge or information to form a belief as to whether it

9   may have additional defenses not stated in this Answer, Defendants reserve the right to assert

10  additional defenses based on further discovery, investigation, or analysis.

11       WHEREFORE, Defendants pray as follows:

12       1.      That Plaintiffs take nothing by their Complaint;

13       2.      For a judgment dismissing the Complaint with prejudice; and

14       3.      For other and further relief as the Court deems just and proper.

15

16  DATED: March ___, 2008              HANSON BRIDGETT MARCUS VLAHOS &
                                        RUDY, LLP
17

18
                                        By: _Allison M. Woodall_
19                                          ALLISON M. WOODALL
                                            Attorneys for Defendants
20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT                          1429827.1