ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (St. Bar #50246)
220 Montgomery Street, Suite 303
San Francisco, CA  94104
Telephone:  (415) 392-5431

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SAN MATEO HOTEL EMPLOYEES, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>WESTMONT HOSPITALITY GROUP, a corporation; WESTLODGE HOSPITALITY INC., a Corporation; WW SAN SAN FRANCISCO AIRPORT NORTH, INC., a corporation doing business as TRAVELODGE and as TRAVELODGE SAN FRANCISCO AIRPORT NORTH,<br><br>　　　　　　Defendants.<br>_____ | NO.  C 07 3357 JL<br><br>JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER<br><br>CASE MANAGEMENT CONFERENCE<br>DATE: 3/19/08<br>TIME 10:30 a.m. |

　　　　　The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

　　　　　1.　　JURISDICTION AND SERVICE: Subject matter jurisdiction exists pursuant to Section 4301(c) of ERISA and 301(a) of LMRA.  All known parties appropriate to this case have been served and have appeared.

　　　　　2.　　FACTS:

　　　　　Defendant WW San Francisco Airport North, Inc., was bound by a collective bargaining agreement with Hotel Employees &

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER　　　　　1

1  Restaurant Employees Local Union No. 340 to make pension contributions
2  to plaintiffs.  It ceased operations and plaintiffs allege it has
3  incurred withdrawal liability under ERISA.  Plaintiffs allege the
4  other defendants are liable as part of the same control group.
5              The principal factual issues which the parties dispute:
6              a.   Whether any of the defendants are liable for
7  withdrawal liability.
8              b.   Whether the amount of withdrawal liability is
9  correctly computed.
10         3.   LEGAL ISSUES:
11 The principal legal issues which the parties dispute:
12             a.   Whether a control group liability can be imposed
13 on any defendant in this case.
14             b.   Whether a withdrawal has occurred within the
15 meaning of the statute.
16         4.   MOTIONS:
17             None are pending or contemplated at this time .
18         5.   AMENDMENTS TO PLEADINGS:
19             Plaintiffs will have to perform some discovery
20 before they will know whether or not additional parties will have to
21 be joined.
22         6.   EVIDENCE PRESERVATION:
23             Both Sides will take steps to preserve evidence.
24         7.   DISCLOSURES:
25             Plaintiffs have provided some documents; full
26 disclosures will take place now, because all defendants have appeared.
27         8.   DISCOVERY:
28             There has been no discovery to date.  No limitations

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER            2

1 appear necessary.  Plaintiff would serve a set of interrogatories to
2 determine whether or not all proper parties are before the Court.
3 Additional discovery may not be necessary.
4     9.   CLASS ACTION:
5        NOT APPLICABLE
6    10.   RELATED CASES
7        NOT APPLICABLE
8    11.   RELIEF
9        Plaintiffs seek: Withdrawal Liability $81,960.00
10              Liquidated damages     $16,392.00
11              Interest           To Be Determined
12              Attorney Fees      To Be Determined
13    12.   SETTLEMENT AND ADR
14        Settlement discussions are taking place.  Mediation is
15 an ADR process acceptable to both parties.
16    13.   CONSENT GRANTED TO MAGISTRATE JUDGE FOR ALL PURPOSES:
17    14.   OTHER REFERENCES:
18        NOT APPLICABLE
19    15.   NARROWING OF ISSUES:
20        Plaintiffs intend to file a Motion for Summary Judgment
21 after some discovery
22    16.   EXPEDITED SCHEDULE:
23        NOT APPLICABLE
24    17.   SCHEDULING:
25        The parties request that scheduling await the results
26 of settlement discussions and mediation.
27    18.   TRIAL:
28        This would be a Court Trial and take two days.

1  19.  DISCLOSURE OF NON- PARTY INTERESTED PERSONS:
2  Plaintiffs have none to disclose.

3  DATED: March 12, 2008                ERSKINE & TULLEY
                                        A PROFESSIONAL CORPORATION
4

5                                       By: /s/Michael J. Carroll
                                            Michael J. Carroll
6                                           Attorneys for Plaintiff

7  DATED: March 12, 2008                Hanson Bridgett LLP
8

9                                       By: /s/Allison M. Woodall
                                            Allison M. Woodall
10                                          Attorneys for Defendants

CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.  In addition the Court orders: [The Court may wish to make additional orders, such as:
   a. Referral of the parties to court or private ADR process;
   b. Schedule a further Case Management Conference;
   c. Schedule the time and content of supplemental disclosures;
   d. Specially set motions;
   e. Impose limitations on disclosure or discovery;
   f. Set time for disclosure of identity, background and opinions of experts;
   g. Set deadlines for completing fact and expert discovery;
   h. Set time for parties to meet and confer regarding pretrial submissions;
   i. Set deadline for hearing motions directed to the merits of the case;
   j. Set deadline for submission of pretrial material;
   k. Set date and time for pretrial conference;
   l. Set a date and time for trial.]

DATED:_____          _____
                                        MAGISTRATE JUDGE JAMES LARSON